**JUDICIAL WATCH, INC., Plaintiff,**

v.

**FOOD & DRUG ADMINISTRATION, Defendant,**

and

**The Population Council, Inc., and Danco Laboratories, LLC., Defendant–Intervenors.**

**No. Civ.A. 00–2973(RJL).**

United States District Court, District of Columbia.

April 27, 2005.

---

Larry Elliot Klayman, James F. Peterson, Meredith Leigh Cavallo, Paul J. Orfanedes, Judicial Watch, Incorporated, Washington, DC, for Plaintiff.

Edith M. Shine, Fred Elmore Haynes, U.S. Attorney's Office, Washington, DC, for Defendant.

Kate Cumming Beardsley, Nancy Lillian Buc, Carmen Mercedes Shepard, Buc & Beardsley, Washington, DC, for Defendant–Intervenors.

### MEMORANDUM OPINION

LEON, District Judge.

Judicial Watch brought this action because the Food and Drug Administration ("FDA") had failed to substantially respond to its October 18, 2000 Freedom of Information Act ("FOIA") request seeking information regarding the abortion drug

mifepristone (also referred to as Mifeprex or RU–486). On July 18, 2001, Judge Lambreth granted FDA's motion to stay the proceedings pending the completion of its search and production of documents, and he ordered FDA to produce all releasable or partially releasable documents by October 15, 2001. FDA complied with the order and produced documents to Judicial Watch on October 15, 2001. Now, before the Court are defendant's and defendant-intervenors' motions for summary judgment on the basis that FDA's search for records was adequate and the withholding of information on the basis of exemptions 3, 4, 5, and 6 was justified.[1] For the following reasons, the Court GRANTS these motions.

### ANALYSIS

Summary judgment is appropriate where "viewing the facts in the light most favorable to the non-moving party, no genuine issue of material fact remains." *Burka v. Dep't of Health & Human Servs.*, 87 F.3d 508, 514 (D.C.Cir.1996). In seeking summary judgment in a FOIA matter, the agency has the burden of demonstrating that the search was adequate and that any information withheld was appropriate. *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485, 1489 (D.C.Cir.1984). Although the moving party has the burden of persuasion, a party opposing summary judgment must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on filed,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).[2]

### I. Adequacy of FDA's Search

When a FOIA request is made, the agency is obligated to conduct a search that is "reasonably calculated to uncover all relevant documents." *Weisberg*, 745 F.2d at 1485 (internal quotation marks omitted). To demonstrate the adequacy of the search, an agency "may rely on reasonably detailed, nonconclusory affidavits submitted in good faith." *Id.; Perry v. Block*, 684 F.2d 121, 126 (D.C.Cir.1982). The affidavits, however, need not "set forth with meticulous documentation the details of an epic search." *Perry*, 684 F.2d at 127. Instead, "affidavits that explain in reasonable detail the scope and method of the search conducted ... will suffice to demonstrate compliance with the obligations imposed by the FOIA." *Id.*

In this case, FDA provided two declarations by Andrea C. Masciale, the Director of the Division of Information Disclosure Policy ("DIDP") for the Center for Drug Evaluation and Research ("CDER") at the FDA. Ms. Masciale supervises the office

---

1. The defendant-intervenors' motion for summary judgment addresses the same issues as the FDA's motion. Because the motions address the same issues, the Court's discussion focuses on the FDA's motion; but, the analysis is equally applicable to both motions.

2. Local Rule 56.1 requires that "[a]n opposition to [a motion for summary judgment] shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exits a genuine issue necessary to be litigated...." LCvR 56.1. The rule also provides that "[i]n determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." *Id.* Plaintiff, in this action, did not file a concise statement of genuine issues, and this Court could exercise its discretion and consider all of the facts identified by FDA as admitted. The Court, however, declines to exercise its discretion in this case and will address the merits of the action.

responsible for processing and responding to FOIA requests for documents in the possession of CDER. Masciale Decl. ¶ 1. The Court finds that Ms. Masciale's declarations satisfy the government's burden of establishing the adequacy of the search conducted to respond to Judicial Watch's request because they provide reasonably detailed information about the scope and method used to collect documents relating to the drug mifepristone. Indeed, the initial declaration indicated that the FDA attempted to collect *all* of the agency documents involved with the approval of mifepristone. Masciale Decl. ¶ 10. Further, although the initial declaration merely indicated that emails were forwarded to employees instructing them to collect and produce any documents "potentially responsive to the various FOIA requests concerning mifepristone," *id.* ¶ 13, the supplemental declaration provided additional details about the specific offices that were targeted and required to submit documentation regarding their search, Supp. Decl. ¶¶ 4, 6, 8. The Court is permitted to rely on an agency's averments that all responsive documents, or parts thereof, have been produced. *Perry,* 684 F.2d at 126. Accordingly, the Court finds that there is no material doubt that the search conducted by FDA was adequate and summary judgment is granted regarding the adequacy of the search.

## II. Validity of the Exemptions Asserted by FDA

■ FOIA provides that all documents in the government's possession are available to the public, unless the disclosure of the requested documents is specifically exempted by the act. *Vaughn v. Rosen,* 484 F.2d 820, 823 (D.C.Cir.1973). The exemptions, however, are construed narrowly so as to provide for maximum access. *Id.* The agency invoking the exemptions bears the burden of persuading the Court that the decision to withhold documents was proper. *Hayden v. Nat'l Sec. Agency,* 608 F.2d 1381, 1386 (D.C.Cir. 1979). This Court's review of the agency's decision to withhold documents is *de novo. Vaughn,* 484 F.2d at 823. An agency may submit affidavits, which explain "with reasonable specificity, why the documents fall within the exemption," to demonstrate the appropriateness of the decision to withhold documents. *Hayden,* 608 F.2d at 1386–87. The requirement of specificity, however, does not require an agency to reveal "factual descriptions that if made public would compromise the secret nature of the information." *Vaughn,* 484 F.2d at 826. FDA is entitled to summary judgment on its classifications "[i]f the affidavits provide specific information sufficient to place the documents within the exemption category, if this information is not contradicted in the record, and if there is no evidence in the record of agency bad faith." *Hayden,* 608 F.2d at 1387.[3] A review of the applicable exemptions clearly establishes that summary judgment is appropriate.

### A. Exemption 3

■ Exemption 3 of the FOIA exempts matters that are:

[S]pecifically exempted from disclosure by statute …, provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3). FDA identifies Exemption 3 as the basis for withholding seven documents. Masciale Decl. ¶ 26.

---

**3.** Moreover, if the agency is able to meet its burden through affidavits, an *in camera* review of the documents is not necessary. *Hayden,* 608 F.2d at 1387.

Ms. Masciale's declaration explained that these documents contain financial information that the FDA's Advisory Committee for Reproductive Drugs was required to submit and is exempt from disclosure under the Ethics Act. *Id.* The Court finds that the information contained in the declaration and the Vaughn index is sufficient to justify withholding documents from disclosure pursuant to Exemption 3.

**B. Exemption 4**

■ The FDA identified Exemption 4 as the basis of its withholding, in whole or in part, of approximately 4,225 records in the Vaughn index. Masciale Decl. ¶ 27. Although Judicial Watch argues that the "vague nature" of the Vaughn index justifies the denial of all FDA's claims under Exemption 4,[4] the crux of plaintiff's argument is that FDA improperly withheld the names and addresses of the drug sponsor's contract manufacturers. Opp'n at 15–17. For the following reasons, the Court finds that the names and addresses of the contract manufacturers is confidential commercial information that is exempt from disclosure.[5]

■ Exemption 4 permits an agency to withhold "trade secrets and commercial or financial information obtained from a person" that is privileged or confidential. 5 U.S.C. § 552(b)(4). Commercial or financial information can be withheld as confidential if disclosure would "(1) ... impair the [g]overnment's ability to obtain necessary information in the future; or (2) ... cause substantial harm to the competitive position of the person from whom the in-

formation was obtained." *Nat'l Parks & Conservation Ass'n v. Morton,* 498 F.2d 765, 770 (D.C.Cir.1974). FDA redacted the names and addresses of the contract manufacturers because the Commissioner and Acting Principal Deputy Commissioner determined that this information should be treated as confidential information under the FOIA because "disclosure of this information is likely to cause substantial competitive harm to the competitive position of [the drug sponsor]." Masciale Decl. ¶¶ 36–37, Ex. F, G. The plaintiff has failed to create any genuine issue as to whether abortion-related violence would, or could, cause substantial competitive harm to the drug sponsor's competitive position. Moreover, because the information was submitted voluntarily to support the drug sponsor's new drug application and because the information "is of a kind that would customarily not be released to the public by the person from whom it was obtained," *Critical Mass Energy Project v. Nuclear Regulatory Comm'n,* 975 F.2d 871, 879 (D.C.Cir.1992), the Court concludes that it is exempt from disclosure as confidential commercial information. Accordingly, the FDA's decisions to withhold documents, in whole or in part, pursuant to Exemption 4 was warranted in this case.

**C. Exemption 5**

Exemption 5 provides that the FDA can withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party ... in litigation with the agency." 5 U.S.C.

---

**4.** The FDA asserted Exemption 4 as the basis of withholding: (1) information required by FDA to evaluate the safety and effectiveness of mifepristone, Masciale Decl. ¶ 30; (2) information submitted by the drug sponsor relating to the manufacturing of the drug, the formulation of the drug, and the marketing of the drug, *id.* ¶¶ 32–33; and (3) information

necessary to identify the contract manufacturers of the drug, *id.* ¶¶ 34–35.

**5.** The Court also finds that the information contained in Ms. Masciale's declaration and in the Vaughn index regarding the materials withheld pursuant to Exemption 4 is sufficiently detailed to justify the withholdings.

§ 552(b)(5). FDA cites Exemption 5 as the basis for withholding approximately 1,456 documents. Masciale Decl. ¶ 38. The plaintiff argues that the Vaughn index, supported by Ms. Masciale's declaration, provides insufficient details to allow it to determine whether the documents are protected by the deliberative process or the attorney-client privileges. Opp'n at 26, 29. The Court disagrees.

■■■■■ The deliberative process privilege "protects the decisionmaking processes of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl." *Mapother v. Dep't of Justice*, 3 F.3d 1533, 1537 (D.C.Cir.1993) (internal quotation marks omitted). This privilege covers "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8, 121 S.Ct. 1060, 149 L.Ed.2d 87 (2001) (internal quotation marks omitted). To satisfy its burden, the FDA must demonstrate that the materials it withheld are both predecisional and deliberative. *Mapother*, 3 F.3d at 1537.

■■■ When a drug sponsor submits an application for the approval of a new drug, the FDA evaluates and investigates the safety and effectiveness of the drug. Documents created during this process are frequently deliberative and predecisional. Masciale Decl. ¶ 39. The FDA exempted from disclosure letters, emails, memoranda, drafts, and other types of documents

pursuant to the deliberative process privilege because those documents "reflect FDA's internal deliberative decision-making processes concerning the testing and approval of mifepristone." *Id.* Apart from arguing that FDA provided insufficient information to challenge the classifications under Exemption 5, Judicial Watch provides no evidence, or information, that would cause the Court to question Ms. Masciale's declaration, given under oath. Moreover, FDA reviewed and revised the entries identified by Judicial Watch in its opposition. Reply Memo. at 32–33. And, although some of the descriptions in the Vaughn index provide limited details, the Court finds that the information provided by FDA is sufficient to justify FDA's reliance on Exemption 5 to withhold production of the documents. Accordingly, the Court upholds FDA's classifications of documents as being subject to the predecisional process privilege, and therefore exempt from disclosure under Exemption 5.[6]

### D. Exemption 6

■■■ The final exemption relied on by FDA is FOIA Exemption 6, which provides for the withholding of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). FDA cites Exemption 6 as the basis of withholding information in approximately 5,127 documents. Masciale Decl. ¶¶ 41, 50. Judicial Watch argues that although the initial inquiry of determining whether information in the records pertains to a particular individual is relatively easy to satisfy, "[i]t is impossible to ascertain from the Index, whether

6. In its opposition, Judicial Watch identified several documents as not providing sufficient detail to determine whether the attorney-client privilege applies. Opp'n at 29–30. FDA addressed each of the documents in its reply. Because Judicial Watch did not raise the issue again in its surreply, the Court concludes that Judicial Watch is satisfied that the documents fall within the attorney-client privilege. Therefore, the Court does not need to address this issue further.

the claimed exemptions are records that pertain to a particular individual." Opp'n at 31. In support of its arguments, Judicial Watch identifies documents described as pregnancy tests, which are withheld in full. The Court does not find merit in Judicial Watch's argument because it is satisfied that this information must necessarily relate to a particular individual.[7] Accordingly, the Court finds that FDA has provided sufficient information in the Vaughn index and supporting affidavit to justify its decision to withhold documents pursuant to Exemption 6.

 Moreover, Judicial Watch contends that FDA's decision to redact the names of HHS employees and other private individuals among the records is inappropriate under Exemption 6 because the records from which the names are removed are not "detailed government record[s] on ... individual[s]." Opp'n at 33. I disagree. The Supreme Court held that Exemption 6 provides for a *general* exemption because "Congress' primary purpose in enacting [it] was to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *Dep't of State v. Washington Post Co.*, 456 U.S. 595, 598, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982). The Commissioner and Acting Principal Deputy Commissioner each found that redacting the names of agency personnel was "necessary to reasonably assure the FDA employees' safety." Masciale Decl. ¶ 44, Exs. H, I. Accordingly, the Court finds that the redaction of individuals' names from the records produced is consistent with Congressional intent and therefore must also be upheld as warranted under these circumstances.

7. Judicial Watch raises argument in its opposition regarding other documents withheld in full pursuant to Exemption 6. The Court finds these arguments equally unavailing and will not address them specifically.

## CONCLUSION

For the foregoing reasons, the Court grants the defendant's and defendant-intervenors' motions for summary judgment and dismisses the action in its entirety. An order consistent with this ruling accompanies this Memorandum Opinion.